IN THE UNITED STATES DISTRICT COURTFOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLANE NEELY a/k/a WALKER MITCHELL ) | |
| Plaintiffs, ) | Civil Action No. 02-CV-3890 |
| v. ) | (Civil Rights Complaint) |
| SIX CONTINENT'S HOTELS, SUBSIDIARY, ) HOLIDAY INN'S, INC, PRESIDENT/CEO, ) JOHN SWEETWOOD, NIGHT-MANAGER, ) ELLIOT JURIST, EX-PHILADELPHIA ) POLICEMAN, DAVID GROVE, ET AL., ) | |
| Defendants. ) | |

### Answer of Defendants, Six Continents Hotels, Inc., Holiday Inns, Inc. and John Sweetwood

Defendants, Six Continents Hotels, Inc., improperly styled as "Six Continents Hotels, Subsidiary, Holiday Inn's Inc.," and hereafter referred to as "Six Continents," "Holiday Inns, Inc.", and John Sweetwood (hereafter collectively referred to as "answering defendants"), through their attorneys, Lavin, Coleman, O'Neil, Ricci, Finarelli & Gray, answer plaintiff's Complaint and assert affirmative defenses as follows:

### I. Jurisdiction

1. Paragraph one (1) of plaintiff's Complaint constitutes conclusions of law to which no responsive pleading is required. To the extent that a further response is required, after reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph one (1) in plaintiff's Complaint, and therefore, deny the same and demand strict proof thereof.

## II. Plaintiff

2. After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph two (2) in plaintiff's Complaint, and therefore, deny the same and demand strict proof thereof.

## III. Defendant

3. Admitted in part; denied in part. It is admitted that Six Continents has its principal place of business at 3 Ravinia Drive, Atlanta, Georgia. It is denied that Six Continents acts "in official capacity "as Management of Subsidiary Holiday Inns, Inc."

4. Paragraph four (4) of plaintiff's Complaint constitutes conclusions of law to which no responsive pleading is required.

5. Paragraph five (5) of plaintiff's Complaint is addressed to a defendant other than answering defendants and requires no answer. To the extent that an answer is required, answering defendants deny that Elliot Jurist is or was an employee or agent of Six Continents Hotels, Inc. or Holiday Inns, Inc. Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph five (5) in plaintiff's Complaint, and therefore, deny the same and demand strict proof thereof.

6. Paragraph six (6) of plaintiff's Complaint is addressed to a defendant other than answering defendants and requires no answer. To the extent that an answer is required, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph six (6) in plaintiff's Complaint, and therefore, deny the same and demand strict proof thereof.

## IV.  FACTS

7. It is denied that Elliot Jurist is or was an agent or employee of answering defendants. After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph seven (7) in plaintiff's Complaint, and therefore, deny the same and demand strict proof thereof.

8. It is denied that Elliot Jurist is or was an agent or employee of answering defendants. After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph eight (8) in plaintiff's Complaint, and therefore, deny the same and demand strict proof thereof.

9. It is denied that Elliot Jurist is or was an agent or employee of answering defendants. After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph nine (9) in plaintiff's Complaint, and therefore, deny the same and demand strict proof thereof.  By way of further answer, paragraph nine (9) of plaintiff's Complaint constitutes conclusions of law to which no responsive pleading is required.

10. It is denied that Elliot Jurist is or was an agent or employee of answering defendants. After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph ten (10) in plaintiff's Complaint, and therefore, deny the same and demand strict proof thereof.  By way of further answer, paragraph ten (10) of plaintiff's Complaint constitutes conclusions of law to which no responsive pleading is required.

11.     It is denied that Elliot Jurist is or was an agent or employee of answering defendants. After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph eleven (11) in plaintiff's Complaint, and therefore, deny the same and demand strict proof thereof. By way of further answer, paragraph eleven (11) of plaintiff's Complaint constitutes conclusions of law to which no responsive pleading is required.

12.     It is denied that Elliot Jurist is or was an agent or employee of answering defendants. It is denied that Exhibit "A" was attached to plaintiff's Amended Complaint. With respect to the remaining averments contained in paragraph twelve (12), answering defendants are, after reasonable investigation, without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph twelve (12) in plaintiff's Complaint, and therefore, deny the same and demand strict proof thereof.

### V.  LEGAL CLAIMS

13.     Denied. It is specifically denied that Elliot Jurist is or was a "representative," agent or employee of answering defendants. The remaining averments contained in paragraph thirteen (13) of plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required.

14.     Denied. It is specifically denied that Elliot Jurist is or was a "representative," agent, or employee of answering defendants. The remaining averments contained in paragraph fourteen (14) of plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required.

15.     Paragraph fifteen (15) of plaintiff's Complaint speaks to a defendant other than answering defendants and requires no answer. By way of further answer, paragraph fifteen (15) of

plaintiff's Complaint constitutes conclusions of law to which no responsive pleading is required.

## VI. INJURY

16.     Denied.  Paragraph sixteen (16) of plaintiff's Complaint constitutes conclusions of law to which no responsive pleading is required.

WHEREFORE, answering defendants pray that plaintiff's Complaint be dismissed with prejudice; that plaintiff takes nothing; and that answering defendants be awarded their costs of defense and such further relief as the Court deems appropriate.

### AFFIRMATIVE DEFENSES

#### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

#### SECOND AFFIRMATIVE DEFENSE

Six Continents does not, and did not at any time relevant to plaintiff's Complaint, own, manage, or control in any manner the daily operations of the property on which plaintiff alleges he was injured.

#### THIRD AFFIRMATIVE DEFENSE

Holiday Inns, Inc. does not, and did not at any time relevant to plaintiff's Complaint, own, manage, or control in any manner the daily operations of the property on which plaintiff alleges he was injured.

#### FOURTH AFFIRMATIVE DEFENSE

No agency relationship exists between Six Continents Hotels, Inc. and Holiday Inns, Inc.

#### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred by the applicable statute of limitations.

#### SIXTH AFFIRMATIVE DEFENSE

Elliot Jurist is and was not an employee, agent or representative of answering defendants.

#### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff may have waived some or all of the claims asserted.

#### EIGHTH AFFIRMATIVE DEFENSE

The damages allegedly sustained by plaintiff may have been caused by the intentional, reckless, or negligent actions or omissions, in whole or in part, of individuals or entities other than answering defendants and over whom answering defendants exercised no authority or control.

#### NINTH AFFIRMATIVE DEFENSE

Plaintiff's action may be barred by the doctrine of latches, estoppel, or res judicata.

#### TENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries were caused by the intervening or superseding acts of negligence of persons over whom answering defendants exercised no control and for whose conduct answering defendants bear no responsibility.

#### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's illicit activities which resulted in his arrest and incarceration may constitute the sole and exclusive cause of the injuries described in plaintiff's Complaint.

#### TWELFTH AFFIRMATIVE DEFENSE

Upon information and belief, culpable conduct on the part of the plaintiff caused or contributed to the occurrence of the incident and, accordingly plaintiff should be barred from

recovery by reason of the fact that the subject incident was entirely the result of culpable conduct on the part of plaintiff; or in the event that plaintiff is entitled to recover, the amount of damages otherwise recoverable should be diminished in proportion to which the culpable conduct attributable to the plaintiff caused the damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

Answering defendants plead as an affirmative defense any and all releases entered into by plaintiff, or to be entered into by plaintiff, as a reduction, in whole or in part, of any damages plaintiff is entitled to recover from answering defendants, it being specifically denied that answering defendants are liable to plaintiff in any respect.

### FOURTEENTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claimed damages are not recoverable in this action.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's allegations are not the proper subject of an action under 42 U.S.C. §§ 1985 and 1986, as this defendant is a private individual and has not acted under color of state statute, ordinance, regulation, custom or usage in any conduct in which it engaged, and at all times herein mentioned, acted in good faith and within its constitutional and statutory rights.

### SIXTEENTH AFFIRMATIVE DEFENSE

The principle of *respondeat superior* is inapplicable to actions brought under 42 U.S.C. §§ 1985 and 1986, and any allegedly improper actions of individual defendants cannot be attributable to answering defendants under that theory.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's rights, privileges and immunities secured under the Constitution, or Laws of the

United States, have not been violated by any alleged action of answering defendants.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust his administrative or otherwise alternate remedies.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's cause against answering defendants is frivolous and without good faith basis.

### TWENTIETH AFFIRMATIVE DEFENSE

The injuries and damages alleged to have been sustained by plaintiff were not proximately caused by answering defendants.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of some or all of the injuries or damages allegedly sustained.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred by the Due Process clause of the 14th Amendment to the Constitution of the United States of America as applied to the States by the 14th Amendment; the Double Jeopardy clause of the 5th Amendment to the Constitution of the United States of America, as applied to the States by the 14th Amendment; and comparable provisions of the Pennsylvania constitution.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Answering defendants hereby reserve their rights, upon completion of its investigation and discovery, which is ongoing and incomplete, to file such additional defenses, counterclaims, cross-claims and/or third-party complaints as may be appropriate.

WHEREFORE, answering defendants pray that plaintiff's Complaint be dismissed with prejudice; that plaintiff takes nothing; and that answering defendants be awarded its costs of defense and such further relief as the Court deems appropriate.

**LAVIN, COLEMAN, O'NEIL, RICCI, FINARELLI & GRAY**


By:_____
Jennifer M. Brooks, Esquire
*Attorney for Defendant,*
*Six Continents Hotel, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing ***Answer of Defendants, Six Continents Hotels, Holiday Inns, Inc. and John Sweetwood***, was served on the date listed below via first class U.S. mail, postage pre-paid, on the following parties:

Blane Neely
AM-3262
P.O. Box 244
Graterford, PA 19426

**LAVIN, COLEMAN, O'NEIL, RICCI, FINARELLI & GRAY**

BY: _____
       Jennifer M. Brooks, Esquire
       *Attorney for Defendants,*
       *Six Continents Hotel, Inc. and Holiday Inns, Inc.*

Date:   August 23, 2002

#626380