**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BLANE NEELY a/k/a WALKER MITCHELL )<br>)<br>Plaintiffs,                 )<br>)<br>v.                              )<br>)<br>SIX CONTINENT'S HOTELS, SUBSIDIARY, )<br>HOLIDAY INN'S, INC, PRESIDENT/CEO, )<br>JOHN SWEETWOOD, NIGHT-MANAGER, )<br>ELLIOT JURIST, EX-PHILADELPHIA )<br>POLICEMAN, DAVID GROVE, ET AL., )<br>)<br>Defendants.              )<br>) | Civil Action No. 02-CV-3890<br><br>(Civil Rights Complaint) |

**O R D E R**

**AND NOW**, this _____ day of _____, 2002, upon consideration of the Motion for Judgment on the Pleadings of Defendants, Six Continents Hotels, Inc., Holiday Inns, Inc. and John Sweetwood, and any response thereto, it is hereby **ORDERED** and **DECREED** that said Motion is **GRANTED.** Plaintiff's action against Six Continents Hotels, Inc., Holiday Inns, Inc. and John Sweetwood is dismissed with prejudice.

BY THE COURT:

_____
                                                                                              J.

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| BLANE NEELY a/k/a WALKER MITCHELL ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 02-CV-3890 |
| ) | |
| v. ) | (Civil Rights Complaint) |
| ) | |
| SIX CONTINENT'S HOTELS, SUBSIDIARY, ) | |
| HOLIDAY INN'S, INC, PRESIDENT/CEO, ) | |
| JOHN SWEETWOOD, NIGHT-MANAGER, ) | |
| ELLIOT JURIST, EX-PHILADELPHIA ) | |
| POLICEMAN, DAVID GROVE, ET AL., ) | |
| ) | |
| Defendants. ) | |

**MOTION FOR JUDGMENT ON THE PLEADINGS OF DEFENDANTS,
SIX CONTINENTS HOTELS, INC., HOLIDAY INNS, INC. AND JOHN SWEETWOOD**

Defendants, Six Continents Hotels, Inc., (improperly styled as "Six Continents Hotels, Subsidiary, Holiday Inn's Inc."), Holiday Inns, Inc., and John Sweetwood (hereafter collectively referred to as "Six Continents"), through their attorneys, Lavin, Coleman, O'Neil, Ricci, Finarelli & Gray, respectfully move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), and in support thereof aver as follows:

1. Plaintiff, Blane Neely (a/k/a Walker Mitchell), commenced this civil rights action by filing a Complaint in the United States District Court for the Eastern District of Pennsylvania on or about June 25, 2002. *A true and correct copy of plaintiff's Complaint is attached as Exhibit "A."*

2. Before Six Continents had a chance to respond to the original Complaint, plaintiff filed an Amended Complaint on July 15, 2002. *A copy of plaintiff's Amended Complaint is attached as Exhibit "B".*

3. Plaintiff asserts the right to recover damages from Six Continents for alleged injuries sustained over twenty-five years ago.

4. According to the allegations in the Amended Complaint, plaintiff, who is in prison, blames his March 17, 1977 arrest and subsequent incarceration on alleged violations by Six Continents of his "Private and Confidentiality rights" and "Civil and Constitutional Rights." *Exhibit B at ¶¶ 12-14*.

5. Plaintiff's privacy claims are time-barred by Pennsylvania's one-year statute of limitations for invasion of privacy causes of action. *42 Pa.C.S. §5523 (1)*.

6. Plaintiff's civil rights claims are time-barred by Pennsylvania's two-year statute of limitations for personal injury claims. *42 Pa.C.S §5524*.

7. Six Continents asserted a statute of limitations defense in the Answer with Affirmative Defenses to Plaintiff's Amended Complaint, a true and correct copy of which is attached as Exhibit "C."

8. As plaintiff did not file his original Complaint until twenty-five years after his alleged causes of action accrued, Six Continents is entitled to judgment as a matter of law.

WHEREFORE, defendants, Six Continents Hotels, Inc., Holiday Inns, Inc. and John Sweetwood respectfully request this Honorable Court to grant judgment in their favor and to dismiss plaintiff's action with prejudice.

                                          Respectfully submitted,

                                          **LAVIN, COLEMAN, O'NEIL, RICCI, FINARELLI & GRAY**

                                          By:_____
                                               Jennifer M. Brooks, Esquire
                                               *Attorney for Defendants,*
                                               *Six Continents Hotels, Inc., Holiday Inns, Inc.,*
Date: <u>October 16, 2002</u>                     and John Sweetwood

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| BLANE NEELY a/k/a WALKER MITCHELL ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 02-CV-3890 |
| ) | |
| v. ) | (Civil Rights Complaint) |
| ) | |
| SIX CONTINENT'S HOTELS, SUBSIDIARY, ) | |
| HOLIDAY INN'S, INC, PRESIDENT/CEO, ) | |
| JOHN SWEETWOOD, NIGHT-MANAGER, ) | |
| ELLIOT JURIST, EX-PHILADELPHIA ) | |
| POLICEMAN, DAVID GROVE, ET AL., ) | |
| ) | |
| Defendants. ) | |

**BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS OF
DEFENDANTS, SIX CONTINENTS HOTELS, INC., HOLIDAY INNS, INC. AND JOHN SWEETWOOD**

Defendants, Six Continents Hotels, Inc., Holiday Inns, Inc. and John Sweetwood (hereafter "Six Continents"), submit this Brief in support of their Motion for Judgment on the Pleadings.

**I.   STATEMENT OF FACTS**

On March 17, 1977, plaintiff claims that he was a registered guest at a Holiday Inn hotel located in Philadelphia, Pennsylvania. *Amended Complaint, ¶2.* While there, he was arrested for unspecified crimes by named defendant, David Groves, a former Philadelphia police officer. *Id at ¶¶9-12.* Plaintiff blames his 1977 arrest, subsequent conviction and continuing incarceration on, *inter alia*, Six Continents. Specifically, he claims that the Holiday Inn night manager allowed Officer Groves to "set up surveillance of plaintiff in the Holiday Inn," and assisted Officer Groves in robbing and assaulting him. *Plaintiff's Amended Complaint, ¶8.* It is also claimed that the hotel night manager "concerted with" Officer Groves on March

17, 1977 to engage in racial profiling for purposes of arresting "African-American individuals" such as plaintiff. *Amended Complaint, ¶11.*

Plaintiff seeks recovery of $20 million dollars in compensatory and punitive damages from Six Continents for the alleged violation of his right to privacy and his civil rights pursuant to 42 U.S.C. §§1981 (a), 1985 (b) and (c)[1] and §1986. Plaintiff attributes the 25-year delay in filing suit to his inability to locate a witness named Tanya Brown. *Amended Complaint, ¶12.*

## II. LEGAL ARGUMENT

Plaintiff's current Complaint asserts claims for violation of his civil rights pursuant to 42 Pa.U.S.C. §§ 1981, 1985 and 1986. *Amended Complaint, ¶13-15.* In Pennsylvania, civil rights actions "are best characterized as personal injury actions for purposes of state statutes of limitations." *Burger v. Borough of Ingram*, 697 A.2d 1037, 1041 (Pa. Cmwlth. 1997), citing *Wilson v. Garcia*, 471 U.S. 261, 85 L.Ed.2d 254, 105 S.Ct. 1938 (1985). Consequently, Pennsylvania's two-year statute of limitations for personal injury actions applies to civil rights claims. **See:** *42 Pa. C.S.A. §5524.* **Accord:** *Burger,* 697 A.2d 1037, 1041; *Napier v. Thirty or More Unidentified Federal Agents, Employees or Officers*, 855 F.2d 1080 (3rd Cir. 1988); and *Gaspar v. Merck and Co., Inc.*, 118 F. Supp. 2d 552 (E.D. Pa. 2000).

Plaintiff also claims the right to recover for the violation of his right to privacy. *Amended Complaint, ¶13.* The statute of limitations in Pennsylvania for invasion of privacy claims is unequivocally stated in 42 Pa.C.S.A. §5523 (1), which provides that:

> The following actions and proceedings must be commenced within one year:
> (1)     an action for libel, slander or invasion of privacy.

---

[1] Plaintiff's Amended Complaint alleges violations of §1985 (b) and (c), which do not exist. For purposes of this Motion, it is assumed that plaintiff seeks recovery under §1985 (2) and (3) as opposed to §1985 (b) and (c).

The limitations periods described above are computed from the time a cause of action accrues. *42 Pa.C.S.A. §5502.* A cause of action accrues as soon as the right to institute and maintain a suit arises. *Pocono International Raceway, Inc. v. Pocono Produce, Inc.*, 503 Pa. 80, 84, 468 A.2d 468, 471 (1983). "[It] is the duty of a party asserting a cause of action to use all reasonable diligence to be properly informed of the facts and circumstances upon which a potential right of recovery is based and to institute suit within the prescribed statutory period." *Murphy v. Saavedra*, 560 Pa. 423, 426, 746 A.2d 92 (2000). "Lack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations." *Id*. Upon the expiration of the period of the applicable statute of limitations, the ability to bring suit is terminated. "Prejudice is simply not part of the analysis to determine whether a claim is time barred by the statute or not. Either the time limitation has run or it has not run. If it has run, a suit cannot be initiated even if there is no prejudice demonstrated." *Vetenshtein v. Philadelphia*, 755 A.2d 62, 66 (Pa. Cmwlth. 2000).

Plaintiff alleges that he suffered injuries in connection with events that occurred on or about March 17, 1977. Civil rights actions for false arrest and false imprisonment accrue on the night of arrest, and are untimely if not brought within two years thereafter. *Molina v. City of Lancaster*, 159 F. Supp. 2d 813 (E.D. Pa. 2001). In *Bailey v. Tucker*, 533 Pa. 237, 261, 621 A.2d 109 (1993), the Pennsylvania Supreme Court specifically noted that being arrested, convicted of a crime and subsequently incarcerated is sufficient evidence of harm to place a plaintiff on notice of any civil claims that may exist for purpose of calculating the statute of limitations: "In the ordinary course of affairs, it would seem that being subjected to a term of imprisonment is a harm or injury to the person. Nor can there be any doubt that the fact of this harm is readily ascertainable upon its occurrence." *Bailey v. Tucker*, 533 Pa. 237, 261, 621 A.2d 108 (1993).

The statute of limitations for plaintiff's privacy claim expired on March 17, 1978, and the statute of limitations for his civil rights claims expired on March 17, 1979. Since plaintiff did not file this lawsuit until

June 2002, his claims for invasion of privacy and violation of his civil rights, both of which are based upon his March 1977 arrest, are time-barred.

Nor can plaintiff successfully argue that the limitations period did not begin running until he located a witness. The statute of limitations is not tolled until a plaintiff is able to marshal evidence in support of his claim. Rather, the limitations period begins to run when an injured party has notice that a wrong has been committed. *Haggart v. Cho*, 703 A.2d 522 (Pa. Super. 1997), *app. den*. 718 A.2d 785, 553 Pa. 698. A plaintiff does not need to know that he has a cause of action, or even that he sustained an injury due to another party's wrongful conduct in order for the limitations period to begin running. *White v. Owens Coming Fiberglass Corp.,* 668 A.2d 136, 447 Pa. Super. 5, *app. den*. 683 A.2d 885, 546 Pa. 648 (1995). The unavailability of a witness, therefore, is immaterial, and does not toll the statute of limitations.

### IV.    CONCLUSION

The allegations in plaintiff's Amended Complaint involve events that occurred on March 17, 1977, more than 25 years ago. The limitations period for any privacy cause of action arising from those events expired on March 18, 1978, while the limitations period for any civil rights claim expired on March 18, 1979. Plaintiff did not file his original Complaint until June 2002. As all of the causes of action asserted in plaintiff's Complaint and Amended Complaint are time-barred, the Six Continents defendants request judgment in their favor and the dismissal of plaintiff's claims with prejudice.

        Respectfully submitted,

        **LAVIN, COLEMAN, O'NEIL, RICCI, FINARELLI & GRAY**


By:_____
    Jennifer M. Brooks, Esquire
    *Attorney for Defendants,*
    *Six Continents Hotels, Inc., Holiday Inns, Inc.,*
    *and John Sweetwood*

Date: October 16, 2002

**IN THE UNITED STATES DISTRICT COURTFOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| BLANE NEELY a/k/a WALKER MITCHELL ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 02-CV-3890 |
| ) | |
| v. ) | (Civil Rights Complaint) |
| ) | |
| SIX CONTINENT'S HOTELS, SUBSIDIARY, ) | |
| HOLIDAY INN'S, INC, PRESIDENT/CEO, ) | |
| JOHN SWEETWOOD, NIGHT-MANAGER, ) | |
| ELLIOT JURIST, EX-PHILADELPHIA ) | |
| POLICEMAN, DAVID GROVE, ET AL., ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing ***Motion to Dismiss of Defendants, Six Continents Hotels, Holiday Inns, Inc. and John Sweetwood***, was served on the date listed below via first class U.S. mail, postage pre-paid, on the following parties:

Blane Neely
AM-3262
P.O. Box 244
Graterford, PA 19426

**LAVIN, COLEMAN, O'NEIL, RICCI, FINARELLI & GRAY**

BY: _____
Jennifer M. Brooks, Esquire
*Attorney for Defendants,
Six Continents Hotels*, Inc., *Holiday Inns, Inc.*,
*and John Sweetwood*

Date: October 16, 2002

-6-