**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BLANE NEELY a/k/a WALKER MITCHELL | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 02-CV-3890 |
| | ) | |
| v. | ) | (Civil Rights Complaint) |
| | ) | |
| SIX CONTINENT'S HOTELS, SUBSIDIARY, HOLIDAY INN'S, INC, PRESIDENT/CEO, JOHN SWEETWOOD, NIGHT-MANAGER, ELLIOT JURIST, EX-PHILADELPHIA POLICEMAN, DAVID GROVE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

  **AND NOW**, this _____ day of _____, 2003, upon consideration of Plaintiff's Motion for Leave to Amend Second Amended Complaint, and the Response of defendants, Six Continents Hotels, Inc., Holiday Inns, Inc. and John Sweetwood, it is hereby **ORDERED** and **DECREED** that plaintiff's Motion is **DENIED**.

              BY THE COURT:

              _____
              Edmund V. Ludwig, U.S.D.J.


# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLANE NEELY a/k/a WALKER MITCHELL ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 02-CV-3890 |
| ) | |
| v. ) | (Civil Rights Complaint) |
| ) | |
| SIX CONTINENT'S HOTELS, SUBSIDIARY, ) | |
| HOLIDAY INN'S, INC, PRESIDENT/CEO, ) | |
| JOHN SWEETWOOD, NIGHT-MANAGER, ) | |
| ELLIOT JURIST, EX-PHILADELPHIA ) | |
| POLICEMAN, DAVID GROVE, ET AL., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO AMEND SECOND AMENDED COMPLAINT**

Defendants, Six Continents Hotels, Inc., (improperly styled as "Six Continents Hotels, Subsidiary, Holiday Inn's Inc."), Holiday Inns, Inc., and John Sweetwood (hereafter collectively referred to as "Six Continents"), through their attorneys, Lavin, Coleman, O'Neil, Ricci, Finarelli & Gray, respectfully file this Memorandum of Law in Opposition to Plaintiff's Motion for Leave to Amend Second Amended Complaint.

**I.    INTRODUCTION**

According to the allegations in plaintiff's original and amended Complaints, plaintiff, Blane Neely, was arrested for unspecified crimes while he was a registered guest at a Holiday Inn Hotel in Philadelphia, Pennsylvania. The arrest occurred on March 17, 1977, more than twenty-five years ago. Plaintiff was convicted and sentenced for these crimes in a Pennsylvania court of law, and is still incarcerated to date. By virtue of the fact that he was on the premises of a Holiday Inn Hotel at the time of his arrest, plaintiff blames that arrest, his subsequent conviction, and his continuing

incarceration on, *inter alia*, Six Continents.[1]

This frivolous claim has been in suit for seven months. A Motion for Judgment on the Pleadings was filed by Six Continents as all of plaintiff's claimed causes of action are time-barred by the applicable statutes of limitations. Now that plaintiff has obtained court-appointed counsel, he seeks to amend his Complaint once more. No reason is given in plaintiff's Motion as to why an amendment is needed. Further, any claim that plaintiff might have asserted against Six Continents for the events of March, 1977 expired years ago. As any amendment would be futile, plaintiff's Motion should be denied.

## II. LEGAL ARGUMENT

### A. PLAINTIFF'S MOTION SHOULD BE DENIED, AS NO PROPOSED AMENDMENT IS ATTACHED

Before determining whether to grant leave to amend, "it is incumbent upon the District Court to consider the merits of the proposed amendment." *Ross v. Zavarella*, 732 F.Supp.1306, 1309 (M.D. Pa. 1990) *appeal dismissed*, 916 F.2d 898. In that regard, a party seeking leave to amend should file a Rule 15 Motion to Amend with an attachment of proposed amendment or new pleading. ***See***: *Centifanti v. Nix*, 865 F.2d 1422 (3d Cir. 1989)(better practice to be followed in filing Motion to Amend Complaint is to attach with Motion a copy of proposed amended Complaint). **Accord:** *Sitkoff v. BMW of North America, Inc.*, 846 F. Supp. 380 (E.D.Pa. 1994); *Whitaker v. City of Houston, Texas*, 963 F.2d 831, 837 (5th Cir. 1992)(court denied Motion to Amend when plaintiff failed to submit a copy of proposed amendment); *Roskam Baking Co. v. Lanham Machine Company*, 288 F.3d 895, 906-907 (6th Cir. 2002)(District Court did not abuse discretion in

---

[1] Plaintiff claims that a Holiday Inn hotel employee assisted Philadelphia police officers in effecting the arrest.

denying leave to amend when party had not filed proper Motion showing proposed amendment or substance of proposed amendment); *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1192 (7th Cir. 1990)(holding that oblique references to enlarged issues to be considered does not suffice); and *Otto v. Variable Annuity Life Insurance Co.*, 814 F.2d 1127, 1139 (7th Cir.1986)(court denied plaintiff's request to amend because plaintiff failed to attach Second Amended Complaint to Motion or inform court how deficiencies in original Complaint would be cured).

Plaintiff's only stated reason for amending his Complaint is because his previous Complaints were drafted without the assistance of counsel. (*Plaintiff's Memorandum of Law at page 2*). There is no mention of any specific deficiencies in plaintiff's previous Complaints, so it is unclear why any amendment is needed. Moreover, plaintiff offers no description of any proposed amendment and fails to convey his intention with respect to his proposed amendment. It is therefore unknown whether plaintiff wishes to add new parties; remove existing parties; assert new claims; or abandon some or all the claims asserted in his original Complaint. In short, plaintiff's Motion fails to set forth with any particularity the relief requested or the grounds supporting the request. As such, it is impossible for defense counsel or this Court to evaluate whether an amended Complaint is necessary in this case. It is certainly impossible to tell from plaintiff's Motion whether plaintiff's proposed amendment will prejudice Six Continents or otherwise delay this lawsuit. Without seeing plaintiff's proposed amendment, it is respectfully requested that leave to amend be denied.

**B.  PLAINTIFF'S MOTION FOR LEAVE TO AMEND SHOULD BE DENIED AS FUTILE**

In *Foman v. Davis,* 371 U.S. 178 (1962), the Supreme Court enunciated the general standard for determining whether leave to amend should be granted. The *Foman* decision also

clarified the facts that a district judge may use to deny leave to amend. These factors include: undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice of the opposing party, and futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Third Circuit has affirmed that leave to amend may be denied if the proposed amendment is futile. **See**, *e.g. Shane v. Fauver*, 213 F.3d 113, 115-117 (3d Cir. 2000)(dismissal without leave to amend is justified only on grounds of bad faith, undue delay, prejudice, or futility). An amendment is futile if it merely restates the same facts as the original Complaint in different terms, or could not withstand a Motion to Dismiss. *Massarsky v. General Motors Corporation*, 706 F.2d 111, 125 (3d Cir.), *cert. den*. 464 U.S. 937, 104 S.Ct. 348, 78 L. Ed. 2d 314 (1993).

As stated above, the content of plaintiff's proposed Amendment is unknown. However, plaintiff's claims against Six Continents in this case are based upon events that occurred more than twenty-five years ago. It is difficult to imagine a scenario in which plaintiff could escape application of the statute of limitations to his claims against Six Continents. Although plaintiff may argue that for twenty-five years he remained unaware of the existence of a possible cause of action against Six Continents, the discovery rule is inapplicable. As stated in Six Continents' Motion for Judgment on the Pleadings, the Pennsylvania Supreme Court has held that being arrested, convicted of a crime and subsequently incarcerated is sufficient evidence of harm to place plaintiff on notice of any civil claims that may exist for purposes of calculating the statute of limitations. **See**: *Bailey v. Tucker*, 533 PA 237, 261, 621 A 2d 108 (1993). Accordingly, the discovery rule cannot cure the futility of an amended Complaint.

In *Jablonski v. Pan American World Airways, Inc.*, 863 F.2d 289 (3d Cir. 1988), the Third

Circuit held that where the limitations period for filing a claim has expired, leave to amend a Complaint should be denied. There, the plaintiff sought leave to amend his Complaint to add a negligent breach of contract claim. The Court held that because plaintiff's breach of contract claim was barred by Pennsylvania's statute of limitations, amendment of the original Complaint would have been futile, since the amended Complaint could not withstand a renewed Motion for Judgment on the Pleadings. On that basis, the *Jablonski* court affirmed the District Court's denial of plaintiff's Motion to Amend. Here, as in *Jablonski*, any cause of action plaintiff claims to have against Six Continents expired decades ago and any amendment, regardless of how artfully drafted, would be futile. Plaintiff's Motion for Leave to Amend should be denied.

### III.  CONCLUSION

Based on the foregoing, Six Continents respectfully requests that plaintiff's Motion be denied.

Respectfully submitted,

**LAVIN, COLEMAN, O'NEIL, RICCI, FINARELLI & GRAY**

By:_____
Jennifer M. Brooks, Esquire
*Attorney for Defendants,*
*Six Continents Hotels, Inc., Holiday Inns, Inc.,*
*and John Sweetwood*

Date: February 3, 2003

IN THE UNITED STATES DISTRICT COURTFOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLANE NEELY a/k/a WALKER MITCHELL ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SIX CONTINENT'S HOTELS, SUBSIDIARY, ) <br> HOLIDAY INN'S, INC, PRESIDENT/CEO, ) <br> JOHN SWEETWOOD, NIGHT-MANAGER, ) <br> ELLIOT JURIST, EX-PHILADELPHIA ) <br> POLICEMAN, DAVID GROVE, ET AL., ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 02-CV-3890 <br><br> (Civil Rights Complaint) |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing *Memorandum of Law in Opposition to Plaintiff's Motion for Leave to Amend Second Amended Complaint*, was served on the date listed below via first class U.S. mail, postage pre-paid, on the following parties:

Paul Hanley, Esquire
Philip G. Kircher, Esquire
**COZEN O'CONNER**
1900 Market Street
Philadelphia, PA 19103


**LAVIN, COLEMAN, O'NEIL, RICCI, FINARELLI & GRAY**


BY: _____
Jennifer M. Brooks, Esquire
*Attorney for Defendants,*
*Six Continents Hotels, Inc., Holiday Inns, Inc.,*
Date: February 3, 2003          *and John Sweetwood*