## IN THE UNITED STATES DISTRICT COURTFOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| BLANE NEELY a/k/a WALKER MITCHELL | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 02-CV-3890 |
| | ) | |
| v. | ) | (Civil Rights Complaint) |
| | ) | |
| SIX CONTINENT'S HOTELS, SUBSIDIARY, | ) | |
| HOLIDAY INN'S, INC, PRESIDENT/CEO, | ) | |
| JOHN SWEETWOOD, NIGHT-MANAGER, | ) | |
| ELLIOT JURIST, EX-PHILADELPHIA | ) | |
| POLICEMAN, DAVID GROVE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

### ANSWER OF DEFENDANTS, SIX CONTINENTS HOTELS, INC., HOLIDAY INNS, INC. AND JOHN SWEETWOOD, TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants, Six Continents Hotels, Inc. (improperly styled as "Six Continents Hotels, Subsidiary, Holiday Inn's Inc.," and hereafter referred to as "Six Continents"); "Holiday Inns, Inc."; and John Sweetwood (hereafter collectively referred to as "answering defendants"), through their attorneys, Lavin, Coleman, O'Neil, Ricci, Finarelli & Gray, answer plaintiff's Second Amended Complaint and assert affirmative defenses as follows:

### THE PARTIES

1.    Admitted.

2.    It is admitted that Six Continents is a Delaware corporation with its principal place of business at 3 Ravinia Drive, Atlanta, Georgia.

3.    It is admitted that Holiday Inns, Inc., a Delaware Corporation, is a subsidiary of Six Continents Hotels, Inc.   The remaining allegations of paragraph three (3) are denied.

4.    Denied.

5.    Paragraph five (5) of plaintiff's Complaint is addressed to a defendant other than answering defendants and requires no answer.  To the extent that an answer is required, answering defendants deny that Elliot Jurist is or was an employee or agent of Six Continents Hotels, Inc. or Holiday Inns, Inc.  Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph five (5) in plaintiff's Complaint, and therefore, deny the same and demand strict proof thereof.

6.    Paragraph six (6) of plaintiff's Complaint is addressed to a defendant other than answering defendants and requires no answer.  To the extent that an answer is required, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph six (6) in plaintiff's Complaint, and therefore, deny the same and demand strict proof thereof.

## JURISDICTIONAL BACKGROUND

7.    Paragraph seven (7) of plaintiff's Complaint constitutes conclusions of law to which no responsive pleading is required.  To the extent that a further response is required, answering defendants admit that plaintiff purports to bring claims under §§§ 1981, 1985 and 1986, but deny that plaintiff is entitled to relief under those statutes, and demand strict proof thereof.

8.    Paragraph eight (8) of plaintiff's Complaint constitutes conclusions of law to which no responsive pleading is required.

9.    Paragraph nine (9) of plaintiff's Complaint constitutes conclusions of law to which no responsive pleading is required.  To the extent that a further response is required, after reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations of paragraph nine (9) in plaintiff's Complaint, and therefore, deny the same and demand strict proof thereof.

<u>FACTS</u>

10.    After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph ten (10) in plaintiff's Complaint, and therefore, deny the same and demand strict proof thereof.

11.    It is denied that Elliot Jurist is or was an agent or employee of answering defendants. After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of allegations of paragraph eleven (11) in plaintiff's Complaint, and therefore, deny the same and demand strict proof thereof.

12.    It is denied that Elliot Jurist is or was an agent or employee of answering defendants. Paragraph twelve (12) of plaintiff's Complaint is addressed to a defendant other than answering defendants and requires no answer.  To the extent that an Answer is required, after reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph twelve (12) in plaintiff's Complaint, and therefore, deny the same and demand strict proof thereof.

13.    It is denied that Elliot Jurist is or was an agent or employee of answering defendants. Paragraph thirteen (13) of plaintiff's Complaint is addressed to a defendant other than answering defendants and requires no answer.  To the extent that an answer is required, answering defendants are, after reasonable investigation, without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph thirteen (13) in plaintiff's Complaint, and therefore, deny the same and demand strict proof thereof.

14.     It is denied that Elliot Jurist is or was an agent or employee of answering defendants. Paragraph fourteen (14) of plaintiff's Complaint is addressed to a defendant other than answering defendants and requires no answer.  To the extent that an answer is required, answering defendants are, after reasonable investigation, without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph fourteen (14) in plaintiff's Complaint, and therefore, deny the same and demand strict proof thereof.

15.     Paragraph fifteen (15) of plaintiff's Complaint is addressed to a defendant other than answering defendants and requires no answer.  To the extent that an answer is required, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph fifteen (15) in plaintiff's Complaint, and therefore, deny the same and demand strict proof thereof.

## COUNT I
### 42 U.S.C. §1981 - VIOLATION OF CIVIL RIGHTS

16.     Answering defendants incorporate by reference their responses to paragraphs 1 through 15 of plaintiff's Second Amended Complaint as if fully set forth at length herein.

17.     Denied.  It is specifically denied that Elliot Jurist is or was a "representative," agent or employee of answering defendants.  The remaining averments contained in paragraph seventeen (17) of plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required.

18.     Paragraph eighteen (18) of plaintiff's Complaint speaks to a defendant other than answering defendants and requires no answer.  By way of further answer, paragraph eighteen (18) of plaintiff's Complaint constitutes conclusions of law to which no responsive pleading is required.

-4-

19.    There is no allegation numbered nineteen in the Complaint.

20.    Denied.  The averments contained in paragraph twenty (20) of plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required.

21.    Denied.  The averments contained in paragraph twenty-one (21) of plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required.

**COUNT II**
**42 U.S.C. §1985(3) - CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS**

22.    Answering defendants incorporate by reference their responses to paragraphs 1 through 21 of plaintiff's Second Amended Complaint as if fully set forth at length herein.

23.    Denied.  It is specifically denied that Elliot Jurist is or was a "representative," agent or employee of answering defendants.  The remaining averments contained in paragraph seventeen (17) of plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required.

24.    Denied.  It is specifically denied that Elliot Jurist is or was a "representative," agent or employee of answering defendants.  The remaining averments contained in paragraph twenty-four (24) of plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required.

25.    Denied.  Paragraph twenty-five (25) of plaintiff's Complaint speaks to a defendant other than answering defendants and requires no answer.  To the extent that a response is required, it is specifically denied that Elliot Jurist is or was a "representative," agent or employee of answering defendants, and the remaining allegations in paragraph twenty-five (25) of plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required.

26.    Paragraph twenty-six (26) of plaintiff's Complaint speaks to a defendant other than answering defendants and requires no answer.  To the extent that a response is required,  paragraph twenty-six (26) of plaintiff's Complaint constitutes conclusions of law to which no responsive pleading is required.

27.    Denied.  The averments contained in paragraph twenty-seven  (27) of plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required.

28.    Denied.  The averments contained in paragraph twenty-eight (28) of plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required.

### COUNT III
### 42 U.S.C. §1986 - ACTION FOR NEGLECT TO PREVENT CONSPIRACY

29.    Answering defendants incorporate by reference their responses to paragraphs 1 through 28 of plaintiff's Second Amended Complaint as if fully set forth at length herein.

30.    Denied.  It is specifically denied that Elliot Jurist is or was a "representative," agent or employee of answering defendants.  The remaining averments contained in paragraph thirty (30) of plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required.

31.    Denied.  It is specifically denied that Elliot Jurist is or was a "representative," agent or employee of answering defendants.  The remaining averments contained in paragraph thirty-one (31) of plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required.

32.    Paragraph thirty-two (32) of plaintiff's Complaint speaks to a defendant other than answering defendants and requires no answer.  To the extent that a response is required,  paragraph thirty-two (32) of plaintiff's Complaint constitutes conclusions of law to which no responsive

pleading is required, and is otherwise denied.

33.    Paragraph thirty-three (33) of plaintiff's Complaint speaks to a defendant other than answering defendants and requires no answer.   To the extent that a response is required,  paragraph thirty-three (33) of plaintiff's Complaint constitutes conclusions of law to which no responsive pleading is required, and is otherwise denied.

34.    Denied.   The averments contained in paragraph thirty-four (34) of plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required.

35.    Denied.   The averments contained in paragraph thirty-five (35) of plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required.

WHEREFORE, answering defendants pray that plaintiff's Complaint be dismissed with prejudice; that plaintiff takes nothing; and that answering defendants be awarded their costs of defense and such further relief as the Court deems appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Six Continents does not, and did not at any time relevant to plaintiff's Complaint, own, manage, or control in any manner the daily operations of the property on which plaintiff alleges he was injured.

### THIRD AFFIRMATIVE DEFENSE

Holiday Inns, Inc. does not, and did not at any time relevant to plaintiff's Complaint, own, manage, or control in any manner the daily operations of the property on which plaintiff alleges he

was injured.

### FOURTH AFFIRMATIVE DEFENSE

No agency relationship exists between plaintiff and Six Continents Hotels, Inc. or Holiday

Inns, Inc.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred by the applicable statutes of limitation.

### SIXTH AFFIRMATIVE DEFENSE

Elliot Jurist is not and was not an employee, agent or representative of answering defendants.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff may have waived some or all of the claims asserted.

### EIGHTH AFFIRMATIVE DEFENSE

The damages allegedly sustained by plaintiff may have been caused by the intentional,

reckless, or negligent actions or omissions, in whole or in part, of individuals or entities other than

answering defendants and over whom answering defendants exercised no authority or control.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's action may be barred by the doctrines of latches, estoppel, or res judicata.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries were caused by the intervening or superseding acts of negligence

of persons over whom answering defendants exercised no control and for whose conduct answering

defendants bear no responsibility.

### ELEVENTH AFFIRMATIVE DEFENSE

The employee of the hotel may have been acting under legal obligation to report illegal

activity on the hotel premises.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's illicit activities which resulted in his arrest and incarceration may constitute the sole and exclusive cause of the injuries described in plaintiff's Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, culpable conduct on the part of the plaintiff caused or contributed to the occurrence of the incident and, accordingly plaintiff should be barred from recovery; or in the event that plaintiff is entitled to recover, the amount of damages otherwise recoverable should be diminished in proportion to which the culpable conduct attributable to the plaintiff caused the damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

Answering defendants plead as an affirmative defense any and all releases entered into by plaintiff, or to be entered into by plaintiff, as a reduction, in whole or in part, of any damages plaintiff is entitled to recover from answering defendants, it being specifically denied that answering defendants are liable to plaintiff in any respect.

### FIFTEENTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claimed damages are not recoverable in this action.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's allegations are not the proper subject of an action under 42 U.S.C. §§ 1985 and 1986, as this defendant is a private individual and has not acted under color of state statute, ordinance, regulation, custom or usage in any conduct in which it engaged, and at all times herein mentioned, acted in good faith and within its constitutional and statutory rights.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The principle of *respondeat superior* is inapplicable to actions brought under 42 U.S.C. §§ 1985 and 1986, and any allegedly improper actions of individual defendants cannot be attributable to answering defendants under that theory.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's rights, privileges and immunities secured under the Constitution, or Laws of the United States, have not been violated by any alleged action of answering defendants.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust his administrative or otherwise alternate remedies.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's cause against answering defendants is frivolous and without good faith basis.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The injuries and damages alleged to have been sustained by plaintiff were not proximately caused by answering defendants.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of some or all of the injuries or damages allegedly sustained.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred by the Due Process clause of the 14th Amendment to the Constitution of the United States of America as applied to the States by the 14th Amendment; the Double Jeopardy clause of the 5th Amendment to the Constitution of the United States of America, as applied to the States by the 14th Amendment; and comparable provisions of the Pennsylvania constitution.

-10-

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Answering defendants hereby reserve their rights, upon completion of its investigation and discovery, which is ongoing and incomplete, to file such additional defenses, counterclaims, cross-claims and/or third-party complaints as may be appropriate.

WHEREFORE, answering defendants pray that plaintiff's Second Amended Complaint be dismissed with prejudice; that plaintiff takes nothing; and that answering defendants be awarded its costs of defense and such further relief as the Court deems appropriate.

LAVIN, COLEMAN, O'NEIL, RICCI, FINARELLI & GRAY

By:_____
        Jennifer M. Brooks, Esquire
        *Attorney for Defendants,*
        *Six Continents Hotels, Inc., Holiday Inns, Inc.,*
        *and John Sweetwood*

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing *Answer of Defendants, Six Continents Hotels, Holiday Inns, Inc. and John Sweetwood, to Plaintiff's Second Amended Complaint*, was served on the date listed below via first class U.S. mail, postage pre-paid, on the following parties:

Paul W. Hanley, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA  19103

**LAVIN, COLEMAN, O'NEIL, RICCI, FINARELLI & GRAY**

BY:_____

Jennifer M. Brooks, Esquire
*Attorney for Defendants,*
*Six Continents Hotels, Inc., Holiday Inns, Inc.,*
_____*and John Sweetwood*

Date:  <u>February 18, 2003</u>

-12-
