<u>C</u> <u>A</u> <u>S</u> <u>E</u> **MANBER AGEMENT PROGRAM**

<u>C</u>ourt-<u>A</u>nnexed <u>S</u>avings & <u>E</u>fficiency Management Program

Rule 16 Conference Report to Judge Ludwig

_____

— **Trial counsel are requested to meet together and to fill out the following Rule 16 Conference Report and to FAX it to Judge Ludwig - FAX (215) 580-2142 - at least one week before the Conference.  A copy is also to be given to each counsel's principal before the conference.  Counsel should review the accompanying Case Management Policy Statement.**

— **The Rule 16 Conference should be attended by trial counsel or by counsel fully authorized to speak for them.  Principals should be available by telephone.  Exceptions will be made for out-of-town counsel in appropriate cases.  Contact Courtroom Deputy (267) 299-7589.**

— **In filling out this joint report, counsel should attempt to reach agreement.  If they cannot do so, each counsel's separate answer should be identified.**

— **It is the aim of this <u>C</u> <u>A</u> <u>S</u> <u>E</u> Management Program to effectuate litigation expense and delay reduction.**

_____

**Case Caption:**_____ **C.A. No.**_____

_____     _____

**Jury** _____     **Nonjury** _____     **Arbitration** _____

_____

1.  Before deposition discovery, which ADR process do you prefer?  Please rank the first two - 1 and 2 - and submit your comments, if any, below.

    ____    **Voluntary arbitration under present system.**

    ____    **Mediation using court's present system.**

    ____    **Mediation in which counsel select mediator.**

    ____    **Meeting with Judge Ludwig.**

    ____    **Meeting with Magistrate Judge Caracappa.**

    ____    **Meeting with other judicial officer selected by counsel.**

(<u>C</u> <u>A</u> <u>S</u> <u>E</u> MP - R.16 Report - 9/96, rev'd 1/01)

Page 2.

    ___    **Other ADR to be selected by counsel.**

    ___    **Other ADR to be selected by Judge Ludwig.**

**Comments, if any:**


2. **After deposition discovery, which ADR process do you prefer? Please rank the first two - 1 and 2 - and submit your comments, if any, below.**

    ___    **Mediation using court's present system.**

    ___    **Mediation in which counsel select mediator.**

    ___    **Meeting with Judge Ludwig.**

    ___    **Meeting with Magistrate Judge Caracappa.**

    ___    **Meeting with other judicial officer selected by counsel.**

    ___    **Summary hearing (one hour) before Judge Ludwig.**

    ___    **Summary hearing before three attorneys.**

    ___    **Mini-Trial with six jurors.**

    ___    **Other ADR to be selected by counsel.**

    ___    **other ADR to be selected by Judge Ludwig.**

**Comments, if any:**

**Page 3.**

3.     Can all discovery be completed within 90-120 days after the first Rule 16 Conference?

         Yes    No    (circle)

If No, state estimated total number of depositions.      _____
(If necessary, give range)

4.     Are Rule 12 or other threshold motions pending or contemplated?

         Yes    No    (circle)

If Yes, please identify by title, date filed or to be filed.

5.     If an IME is to be done, has the exam, or exams, been scheduled?

         Yes    No    (circle)

If not, give reason:

6.     Will a dispositive motion or motions be filed?

         Yes    No    (circle) (identify movant(s))

7.     Estimate of trial time.

         **Plaintiff(s) case** _____

         **Defendant(s) case** _____

8.    **(This question may be answered <u>ex parte</u> by a separate, confidential submission before Rule 16 conference.)**

What do you project will be the total cost to your principal to prepare this case and to take it through trial?

     ____ $ 10,000 to $ 25,000     (If representation is on a
     ____ $ 25,000 to $ 75,000     contingency or non-billable
     ____ $ 75,000 to $ 150,000    basis, total time and expenses
     ____ $150,000 to $ 500,000    should be projected on a
     ____     Excess of $ 500,000    separate page.)

**Page 4.**

9. **What is settlement demand?**[*] _____
   **(Include any non-monetary issues)**

   What is settlement offer? _____

10. At this point, do counsel know of any reason why they cannot cooperate with each other in bringing this case to resolution either by settlement or trial?

    Yes   No   (circle)

    If Yes, please explain.

    Date of submission of this form _____.

    _____

---

[*] Ordinarily, demand should be made before Rule 16 conference.

| **Plaintiff attorney(s)*** | **Defendant attorney(s)*** |
|---|---|
| _____ | _____ |
| Name of attorney filling out this form | Name of attorney filling out this form |
| _____ | _____ |
| Name of trial counsel | Name of trial counsel |
| _____ | _____ |
| Name of law firm | Name of law firm |
| _____ | _____ |
| Mailing address | Mailing address |
| _____ | _____ |
| _____ | _____ |
| Telephone number | Telephone number |
| _____ | _____ |
| Fax number | Fax number |

_____

*(If there is more than one representation of plaintiffs or defendants, additional sheets should be submitted identifying counsel and parties represented.)

## Case Management Policy Statement - Judge Ludwig

1. A Rule 16 scheduling conference will be held within 60 or so days after an action is filed, and a Case Management order will be entered. Fed.R.Civ.P. 16. Counsel will be asked to outline the specific discovery and trial preparation needs of the case and alternative dispute resolution possibilities. See Rule 16 Conference Information Report form.

2. Motions to dismiss, transfer, add parties and other threshold motions should be filed, whenever possible, before the conference.
Summary judgment motions must be received by the court and nonmovants at least 30 days before trial date unless otherwise permitted.

3. The initial conference will usually take 15 minutes. If inconvenient for counsel to appear in person, a telephone conference may be held. In a complex case, or where settlement is practicable, counsel should attend.

4. In an uncomplicated case, discovery is to be completed in 90 days. In more protracted cases, discovery will be divided into 60-90 day intervals, and counsel will be directed to file a Joint Discovery Schedule, or successive Schedules, on a form supplied, until the case is ready for a trial listing. Arbitration appeals will receive early trial listings, usually within 30-60 days.

5. The trial listing will be for a specific date - ordinarily Monday for jury trials, with up to five other cases, and Thursdays for bench trials. These listings are not "pool" assignments. The case will be called for trial on the date specified or as soon thereafter as practicable. A special listing will not be recognized if entered after the date of the scheduling order.

6. The discovery deadline means that all known discovery must be concluded by that date. Discovery may take place thereafter only by agreement or with court approval.

7. **Foreseeable discovery problems, including noncompliance or tardiness, ordinarily will not constitute a ground for continuance of the trial listing. Counsel should act promptly to enforce the discovery schedule and should not permit depositions, medical and other examinations, or discovery in general to be postponed.**

8. **Counsel are responsible for compliance with the scheduling order.**

9. **In a discovery default - i.e., when timely discovery is not forthcoming after an attempt to obtain it - the court's immediate assistance should be employed, by a motion for an order to compel. A conference call is an option. <u>See</u> Local Civil Rule 26.1(g). However, as to discovery disputes, a motion is the last recourse. If counsel cannot resolve, a telephone conference is the next step. If a discovery dispute motion to compel becomes necessary, contact the courtroom deputy to obtain guidelines for special format. A discovery dispute motion must be by joint submission.**

10. **Trial depositions are to be scheduled so as not to delay trial or disrupt trial preparation. They may not be taken later than 10 days before the trial date unless agreed to by the parties or approved by the court. Continuance applications because of refusal of an expert witness to appear for trial or to be available for trial deposition will not be considered unless notice of the trial date was given to the witness at least 60 days in advance or at the earliest reasonable opportunity thereafter.**

11. **A Pretrial Stipulation is required, signed by all counsel.\* The detailed provisions of Local Civil Rule 16.1(d)(2) are simplified, and the stipulation should be commensurate with the needs of the case. It should be submitted at least 10 days before the trial date. Counsel may file a separate pretrial memorandum pursuant to Local Civil Rule 16(c) only with permission of court. If the Joint Pretrial Stipulation is not submitted on time or in proper form, the case may be continued or put in suspense as not ready for trial.**

12. **Unexcused violations of scheduling orders are subject to sanctions under Fed.R.Civ.P. 16(f), upon motion or the court's initiative.**

13. **Note:  Continuances of trial listings will be granted sparingly and only for compelling reasons.**

14. **Communications regarding the trial calendar should be directed to the courtroom deputy clerk: (267) 299-7589.**

15. **Electronic Filing System.  <u>See</u> Use of Electronic Filing System - Judge Ludwig (attached).**

 

**Judge Edmund V. Ludwig**

---

**\*A Pretrial Stipulation is not required in arbitrations, but is required in arbitration appeals. <u>See</u> Arbitration Scheduling Order form.**

**(SPS 7-92; 2-94; 11-95; 9-96; 4-99)**

**Use of Electronic Filing System**
       **Judge Ludwig**

As recommended by the Clerk of Court, Judge Ludwig supports and encourages the use of the Court's Electronic Filing System for the submission of complaints, notices of appeal, notices of removal and other civil documents.  The Electronic Filing System allows greater efficiency and timeliness in the filing of pleadings, as well as electronic storage of documents for remote access by the Court, the bar and the litigants.  Applications are available from the Office of the Clerk of Court 601 Market Street Room 2609, Philadelphia, Pennsylvania, 19106-1797 - or (267) 299-7061.

Counsel are advised that current telephone and FAX number(s) and any changes are to be submitted to the courtroom deputy clerk.

The use of the Electronic Filing System will result in the following benefits:

- expedient filing by litigants;
- instantaneous receipt of documents for filing;
- immediate availability of documents after filing for both the court and the public remote access.