**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BLANE NEELY a/k/a WALKER MITCHELL ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SIX CONTINENT'S HOTELS, SUBSIDIARY, ) <br> HOLIDAY INN'S, INC, PRESIDENT/CEO, ) <br> JOHN SWEETWOOD, NIGHT-MANAGER, ) <br> ELLIOT JURIST, EX-PHILADELPHIA ) <br> POLICEMAN, DAVID GROVE, ET AL., ) <br> ) <br> Defendants. ) | Civil Action No. 02-CV-3890 <br><br> (Civil Rights Complaint) |

**O R D E R**

    **AND NOW**, this _____ day of _____, 2003, upon consideration of the Motion for Judgment on the Pleadings of Defendants, Six Continents Hotels, Inc., Holiday Inns, Inc. and John Sweetwood, and any response thereto, it is hereby **ORDERED** and **DECREED** that said Motion is **GRANTED.** Plaintiff's action against Six Continents Hotels, Inc., Holiday Inns, Inc. and John Sweetwood is dismissed with prejudice.

                                            BY THE COURT:

                                                              _____
                                                                                                 J.

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| BLANE NEELY a/k/a WALKER MITCHELL ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 02-CV-3890 |
| ) | |
| v. ) | (Civil Rights Complaint) |
| ) | |
| SIX CONTINENT'S HOTELS, SUBSIDIARY, ) | |
| HOLIDAY INN'S, INC, PRESIDENT/CEO, ) | |
| JOHN SWEETWOOD, NIGHT-MANAGER, ) | |
| ELLIOT JURIST, EX-PHILADELPHIA ) | |
| POLICEMAN, DAVID GROVE, ET AL., ) | |
| ) | |
| Defendants. ) | |

**MOTION FOR JUDGMENT ON THE PLEADINGS OF DEFENDANTS,
SIX CONTINENTS HOTELS, INC., HOLIDAY INNS, INC. AND JOHN SWEETWOOD**

Defendants, Six Continents Hotels, Inc., (improperly styled as "Six Continents Hotels, Subsidiary, Holiday Inn's Inc."), Holiday Inns, Inc., and John Sweetwood (hereafter collectively referred to as "Six Continents"), through their attorneys, Lavin, Coleman, O'Neil, Ricci, Finarelli & Gray, respectfully move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), and in support thereof aver as follows:

1.  Plaintiff, Blane Neely (a/k/a Walker Mitchell), proceeding *pro se*, commenced this civil rights action by filing a Complaint in the United States District Court for the Eastern District of Pennsylvania on or about June 25, 2002. *A true and correct copy of plaintiff's original Complaint is attached as Exhibit "A."*

2.  Before Six Continents had a chance to respond to the original Complaint, plaintiff filed an Amended Complaint on July 15, 2002. *A copy of plaintiff's Amended Complaint is attached as Exhibit "B".*

3.  Thereafter, plaintiff petitioned this Court for the appointment of counsel. By Order dated

October 2, 2002, this Court granted plaintiff's Motion, and on December 19, 2002, this Court appointed Cozen & O'Conner to act as counsel for plaintiff. (*True and correct copies of this Court's October 2, 2002 and December 19, 2002 Orders are attached as Exhibit "C"*).

4. After receiving this Court's appointment, counsel for plaintiff sought leave to file a Second Amended Complaint. By Order dated February 10, 2003, leave was granted and plaintiff's Second Amended Complaint was filed. (*A true and correct of plaintiff's Second Amended Complaint is attached as Exhibit "D"*).

5. In his Second Amended Complaint, as with his previous Complaints, plaintiff asserts the right to recover damages from Six Continents for alleged injuries sustained over twenty-five years ago.

6. According to the allegations in the Second Amended Complaint, plaintiff, who is in prison, blames his March 17, 1977 arrest and subsequent incarceration on an alleged conspiracy by Six Continents to deprive him of his civil rights. *Exhibit "D" at ¶¶ 17-35*.

7. Plaintiff's civil rights claims are time-barred by Pennsylvania's two-year statute of limitations for personal injury claims. *42 Pa.C.S. §5524*.

8. Six Continents asserted a statute of limitations defense in the Answer with Affirmative Defenses to Plaintiff's Second Amended Complaint, a true and correct copy of which is attached as Exhibit "E." The statute of limitations defense was also raised by Six Continents in its Answer with Affirmative Defenses to plaintiff's Amended Complaint.

9. As plaintiff did not file his original Complaint until twenty-five years after his alleged cause of action accrued and did not justify the delay in his Second Amended Complaint, Six Continents is entitled to judgment as a matter of law.

WHEREFORE, defendants, Six Continents Hotels, Inc., Holiday Inns, Inc. and John Sweetwood respectfully request this Honorable Court to grant judgment in their favor and to dismiss plaintiff's action with prejudice.

Respectfully submitted,

**LAVIN, COLEMAN, O'NEIL, RICCI, FINARELLI & GRAY**

By:_____
  Jennifer M. Brooks, Esquire
  *Attorney for Defendants,*
  *Six Continents Hotels, Inc., Holiday Inns, Inc.,*
  *and John Sweetwood*

Date: <u>March 21, 2003</u>

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

|   |   |
|---|---|
| BLANE NEELY a/k/a WALKER MITCHELL )<br>)<br>Plaintiffs,           )<br>)<br>v.                          )<br>)<br>SIX CONTINENT'S HOTELS, SUBSIDIARY, )<br>HOLIDAY INN'S, INC, PRESIDENT/CEO, )<br>JOHN SWEETWOOD, NIGHT-MANAGER, )<br>ELLIOT JURIST, EX-PHILADELPHIA )<br>POLICEMAN, DAVID GROVE, ET AL., )<br>)<br>Defendants.        ) | Civil Action No. 02-CV-3890<br><br>(Civil Rights Complaint) |

**BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS OF
DEFENDANTS, SIX CONTINENTS HOTELS, INC., HOLIDAY INNS, INC. AND JOHN SWEETWOOD**

Defendants, Six Continents Hotels, Inc., Holiday Inns, Inc. and John Sweetwood (hereafter "Six Continents"), submit this Brief in support of their Motion for Judgment on the Pleadings.

**I.   STATEMENT OF FACTS**

On March 17, 1977, plaintiff claims that he was a registered guest at a Holiday Inn hotel located in Philadelphia, Pennsylvania. *Second Amended Complaint, ¶10 (Exhibit "D")*. While there, he was arrested for unspecified crimes by named defendant, David Groves, a former Philadelphia police officer. *Id at ¶¶13-15.* Plaintiff blames his 1977 arrest, subsequent conviction and continuing incarceration on, *inter alia*, Six Continents. Specifically, he claims that the Holiday Inn night manager gave Officer Groves access to plaintiff's telephone records, and assisted Officer Groves in robbing and assaulting him during his arrest. *Plaintiff's Second Amended Complaint, ¶12-15 (Exhibit "D")*. It is also claimed that the hotel night

manager was "motivated by an invidiously discriminatory racial animus toward African-Americans." *Second Amended Complaint, ¶26 (Exhibit "D")*.

Plaintiff seeks recovery of compensatory and punitive damages from Six Continents for alleged violation of his civil rights pursuant to 42 U.S.C. §§1981 (a), 1985 (3) and §1986. Nowhere in plaintiff's Second Amended Complaint is any reason provided for the 25 year delay in filing his Complaint against Six Continents.

## II.   LEGAL ARGUMENT

Plaintiff's current Complaint asserts claims for violation of his civil rights pursuant to 42 Pa.U.S.C. §§ 1981, 1985 and 1986. *Second Amended Complaint, ¶16-35 (Exhibit "D")*. In Pennsylvania, civil rights actions "are best characterized as personal injury actions for purposes of state statutes of limitations." *Burger v. Borough of Ingram*, 697 A.2d 1037, 1041 (Pa. Cmwlth. 1997), citing *Wilson v. Garcia*, 471 U.S. 261, 85 L.Ed.2d 254, 105 S.Ct. 1938 (1985). Consequently, Pennsylvania's two-year statute of limitations for personal injury actions applies to civil rights claims. ***See:*** *42 Pa. C.S.A. §5524*. **Accord:** *Burger,* 697 A.2d 1037, 1041; *Napier v. Thirty or More Unidentified Federal Agents, Employees or Officers*, 855 F.2d 1080 (3rd Cir. 1988); and *Gaspar v. Merck and Co., Inc.*, 118 F. Supp. 2d 552 (E.D. Pa. 2000).

The limitations period is computed from the time a cause of action accrues. *42 Pa.C.S.A. §5502.* A cause of action accrues as soon as the right to institute and maintain a suit arises. *Pocono International Raceway, Inc. v. Pocono Produce, Inc.*, 503 Pa. 80, 84, 468 A.2d 468, 471 (1983); *Bradley v. Ragheb*, 429 Pa. Super. 616, 619, 633 A.2d 192 (1993). In other words, the statute begins to run "when the first significant event necessary to make the claim suable occurs." *Lake v. Arnold*, 232 F.3d 360, 366 (3rd Cir.

2000); *Estrada v. Traga*, 2002 U.S. Dist. LEXIS 17342, at *15, Civil Action No. 01-4669 (E.D.Pa. Sept. 10, 2002). (*True and correct copies of unpublished opinions are collectively attached as Exhibit "F"*).

A plaintiff has a duty to use reasonable diligence "to be properly informed of the facts and circumstances upon which a potential right of recovery is based and to institute suit within the prescribed statutory period." *Murphy v. Saavedra*, 560 Pa. 423, 426, 746 A.2d 92 (2000). **See also**: *Floyd v. Brown & Williamson Tobacco Corp.*, 159 F. Supp. 2d 823, 829 (E.D.Pa. 2001). "Lack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations." *Id*. Accrual of a cause of action and expiration of the applicable statute of limitations bars plaintiff's claims. *Bohus v. Beloff*, 950 F.2d 919, 924 (3rd Cir. 1991); *Evansburg Water Co. v. Schlumberger Indus.*, 1996 U.S. Dist. LEXIS 3816, at *7, Civil Action No. 96-410 (E.D.Pa. Mar. 29, 1996). "Prejudice is simply not part of the analysis to determine whether a claim is time barred by the statute or not. Either the time limitation has run or it has not run. If it has run, a suit cannot be initiated even if there is no prejudice demonstrated." *Vetenshtein v. Philadelphia*, 755 A.2d 62, 66 (Pa. Commw. 2000).

Here, plaintiff alleges that he suffered injuries in connection with events that occurred on or about March 17, 1977. The statute of limitations for plaintiff's civil rights claims expired on March 17, 1979. Civil rights actions for false arrest and false imprisonment accrue on the night of arrest, and are untimely if not brought within two years thereafter. *Molina v. City of Lancaster*, 159 F. Supp. 2d 813 (E.D. Pa. 2001). In *Bailey v. Tucker*, 533 Pa. 237, 261, 621 A.2d 109 (1993), the Pennsylvania Supreme Court specifically noted that being arrested, convicted of a crime and subsequently incarcerated is sufficient evidence of harm to place a plaintiff on notice of any civil claims that may exist for purpose of calculating the statute of limitations: "In the ordinary course of affairs, it would seem that being subjected to a term of imprisonment is a harm or injury to the person. Nor can there be any doubt that the fact of this harm is readily ascertainable

upon its occurrence." *Bailey v. Tucker*, 533 Pa. 237, 261, 621 A.2d 108 (1993). Since plaintiff did not file this lawsuit until June 2002, his claims for violation of his civil rights, which is based solely upon his March 1977 arrest, is time-barred.

Nor can plaintiff successfully argue that the discovery rule tolled the statute. To toll the statute of limitations under the discovery rule, plaintiff's Complaint must set forth: "(1) the time and circumstances of the discovery; (2) the reasons why discovery was not made earlier; and (3) the diligent efforts undertaken by plaintiff in making or seeking such discovery." *Stauffer v. Bell Atlantic*, 2002 U.S. Dist. LEXIS 25718, at *16, Civil Action No. 01-CV-2892 (E.D.Pa. 2002); *Alfaro v. E.F. Hutton & Co., Inc.*, 606 F. Supp. 1100, 1111-12 (E.D. Pa. 1985). Where, as here, the statute of limitations is pleaded as a defense, plaintiff's Complaint must set forth sufficient facts to preclude dismissal of the action. *Osei-Afriyie v. Medical College of Pennsylvania*, 937 F.2d 876, 884 (3rd Cir. 1991); *General Accident Ins. Co. of Amer. v. Fidelity and Deposit Co. of Maryland*, 598 F. Supp. 1223, 1228 (E.D. Pa. 1984); *Gurfein v. Sovereign Group*, 826 F. Supp. 890, 919 (E.D. Pa. 1993). **Accord:** *Corbett v. Weisband*, 380 Pa. Super. 292, 308, 551 A.2d 1059 (1988) ("[W]here the statute of limitations is at issue, the burden of proof falls on the plaintiff to demonstrate that the cause of action is not barred by the passage of time and that his or her failure to file the action in a timely fashion is excusable.").

On its face, plaintiff's Second Amended Complaint fails to implicate the discovery rule. The Complaint does not: (1) set forth when plaintiff discovered the existence of a cause of action against Six Continents; (2) explain why he did not discover the cause of action sooner; or (3) describe, to any extent, plaintiff's "diligent efforts" in seeking to discover his cause of action. **See:** *Stauffer*, 2002 U.S. Dist. LEXIS 25718, at *16. Because plaintiff's Complaint does not establish that the discovery rule is applicable to his claims, the statute of limitations is not tolled.

### III.   CONCLUSION

The allegations in plaintiff's Second Amended Complaint involve events that occurred on March 17, 1977, more than 25 years ago. The limitations period for any civil rights claim expired on March 17, 1979. Plaintiff did not file his original Complaint until June 2002. His most recent Second Amended Complaint does not contain any facts to support the tolling of the statute of limitations. As all of the causes of action asserted in plaintiff's Complaint, Amended Complaint and Second Amended Complaint are time-barred, the Six Continents defendants request judgment in their favor and the dismissal of plaintiff's claims with prejudice.

Respectfully submitted,

**LAVIN, COLEMAN, O'NEIL, RICCI, FINARELLI & GRAY**


By:_____
Jennifer M. Brooks, Esquire
*Attorney for Defendants,*
*Six Continents Hotels, Inc., Holiday Inns, Inc.,*
*     and John Sweetwood*

Date: March 21, 2003

**IN THE UNITED STATES DISTRICT COURTFOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| BLANE NEELY a/k/a WALKER MITCHELL ) | ) | |
| Plaintiffs, ) | Civil Action No. 02-CV-3890 |
| v. ) | (Civil Rights Complaint) |
| SIX CONTINENT'S HOTELS, SUBSIDIARY, ) HOLIDAY INN'S, INC, PRESIDENT/CEO, ) JOHN SWEETWOOD, NIGHT-MANAGER, ) ELLIOT JURIST, EX-PHILADELPHIA ) POLICEMAN, DAVID GROVE, ET AL., ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing ***Motion to Dismiss of Defendants, Six Continents Hotels, Holiday Inns, Inc. and John Sweetwood***, was served on the date listed below via first class U.S. mail, postage pre-paid, on the following parties:

Paul Hanley, Esquire
**COZEN O'CONNER**
1900 Market Street
Philadelphia, PA 19103

**LAVIN, COLEMAN, O'NEIL, RICCI, FINARELLI & GRAY**

BY:_____
Jennifer M. Brooks, Esquire
*Attorney for Defendants,*
*Six Continents Hotels*, Inc., *Holiday Inns, Inc.,*
*and John Sweetwood*

Date: <u>March 21, 2003</u>