IN THE UNITED STATS DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BLANE NEELY a/k/a WALTER MITCHELL | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SIX CONTINENT'S HOTELS, et. al. | : | No. 02-3890 |

## ORDER-MEMORANDUM

AND NOW, this 15th day of October, 2003, the "Motion for Judgment on the Pleadings of Defendants, Six Continents Hotels, Inc., Holiday Inns, Inc. and John Sweetwood" is granted, Fed. R. Civ. P. 12(c).[1]

This civil rights action arises from the March 1977 arrest and subsequent conviction and incarceration of plaintiff Blane Neely a/k/a Walter Mitchell.  On March 17, 1977, plaintiff was a guest at the Holiday Inn in Philadelphia, where defendant Elliott Jurist was the night manager. Second Amended Complaint, ¶¶ 10, 11. At approximately 11 p.m., Jurist is alleged to have given defendant David Grove, a Philadelphia police officer, access to plaintiff's telephone records and to have permitted him to listen in on plaintiff's telephone conversations. Second Amended Complaint, ¶ 12.  It is further alleged that later that night, Jurist and Grove entered plaintiff's room and assaulted and robbed plaintiff.  Second Amended Complaint, ¶¶ 13, 14.  As a cover-up, plaintiff was then arrested, and subsequently convicted and incarcerated based on the testimony of Jurist and Grove.

---

[1] In deciding a motion for judgment on the pleadings under Rule 12(c), a court must "'view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the . . . non-moving party'" Green v. Fund Asset Management, L.P., 245 F.3d 214, 220 (3d Cir. 2001), quoting Institute for Scientific Info, Inc. v. Gordon & Breach, Science Publishers, Inc., 931 F.2d 1002, 1004 (3d Cir. 1991).  Judgment is appropriate "only if the plaintiffs would not be entitled to relief under any set of facts that could be proved." Id., citing Consolidated Rail Corp. v. Protlight, Inc., 188 F.3d 93, 95-96 (3d Cir. 1999).